# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FRANK A. HOWELL, SR., :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:06-CV-1046-JOF
CITY OF LITHONIA, et al., :
:
    Defendants. :

## OPINION AND ORDER

The instant matter is before the court on Defendants' Motion for Summary Judgment [33].

**I.   Background**

Pursuant to DeKalb County Ordinance § 19-26, Lithonia Park is open from 7:00 a.m. until sunset each day. On November 19, 2005, at approximately 7:30 a.m., Officer Corey Blackmon observed Plaintiff Frank Howell sitting in his car in Lithonia Park. Plaintiff contends that he arrived at the park after it opened. Officer Blackmon noted that Plaintiff's car was parked in the same exact location as it had been the prior evening. Officer Blackmon testified that Plaintiff had a bowl or bucket of water with him in the front seat of the car and that his shirt was open. Officer Blackmon also observed clothes and papers in the vehicle; he believed that Plaintiff had been living in his car and that Plaintiff had spent

the night in the park. Plaintiff contends that he was wiping his face and anointing his head with oil in a religious ritual. Plaintiff denies sleeping in the park but admits that he carries extra clothing in his car and that he has slept in his car at another location on numerous occasions.

Officer Blackmon told Plaintiff to leave the park; Plaintiff refused to do so. Plaintiff admits that he tried to contact Defendant Chief of Police Willie Rosser. Officer Blackmon maintains that Plaintiff told him that Rosser gave him permission to sleep in the park. Blackmon testified that he spoke to Rosser, Rosser denied giving Plaintiff such permission, and Rosser told Blackmon that if Plaintiff was sleeping in the park Blackmon should do what he had to do. Blackmon arrested Plaintiff and charged him with obstruction of an officer in violation of O.C.G.A. § 16-10-24; he contends that Plaintiff did not resist. Plaintiff maintains that Blackmon reached into his car window, unlocked his car, drug him out of the car, pushed his face down onto the hood of the car, and handcuffed him. Plaintiff remained in jail for three days from November 20 to November 23, 2005. Plaintiff suffered a sore arm and experienced more depression as a result of the arrest, and he incurred significant expense to retrieve his car from the impound lot. DeKalb County ultimately decided not to file an accusation, "[a]lthough there appear[ed] to be sufficient probable cause for the issuance of the warrant there d[id] not appear to be sufficient evidence to prove guilt beyond a reasonable doubt." (Resp. at Ex. C).

2

On April 3, 2006, Plaintiff filed a complaint against the City of Lithonia, Lithonia Police Department, Chief of Police Willie J. Rosser, Officer Blackmon, and John Doe I and II alleging violations of his civil rights under 42 U.S.C. §§ 1983 and 1985. On December 4, 2007, this court conducted a frivolity determination under 28 U.S.C. § 1915A and dismissed Plaintiff's claim under 42 U.S.C. § 1985. The court allowed Plaintiff to proceed with his section 1983 claim for arrest without probable cause in violation of the Fourth Amendment. Defendants answered and the parties proceeded to depose Defendants Rosser and Blackmon and Plaintiff. Defendants filed the instant Motion for Summary Judgment on August 19, 2008, and it has been fully briefed.

Defendants contend that Plaintiff's claims against Blackmon in his individual capacity fail as a matter of law because Blackmon had probable cause to arrest Plaintiff; he used *de minimus* force to do so; and he is otherwise entitled to qualified immunity. Defendants aver that Plaintiff's claims against Blackmon in his official capacity and claims against the City of Lithonia fail because Blackmon committed no constitutional violations, and regardless, Plaintiff has alleged no sufficient basis for municipal liability. Defendants maintain that Defendant Rosser did not personally participate in the alleged unconstitutional conduct, that there is no causal connection between his actions and any alleged constitutional deprivation, and that as a matter of law Rosser cannot be held liable under a

3

theory of respondeat superior. Defendants insist that the Lithonia Police Department is a non-entity which cannot be sued.

## II. Discussion

This court will address (1) whether Blackmon committed a constitutional violation by arresting Plaintiff without probable cause or by using excessive force, (2) whether Plaintiff has alleged a basis for municipal liability, and (3) whether Plaintiff can hold Defendant Rosser liable.

An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest. *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003). An officer has probable cause for an arrest when the arrest is "objectively reasonable based on the totality of the circumstances." *Id.* An arrest is objectively reasonable "when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* "Although probable cause requires more than suspicion, it does not require convincing proof, and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." *Id.* An officer is eligible for qualified immunity even if he did not have "actual probable cause" as long as he had "arguable probable cause." *Id.* An officer has arguable probable cause if he "reasonably could have believed that probable cause

4

existed, in light of the information [he] possessed." *Id.* DeKalb County Ordinance § 19-26 designates that Lithonia Park is closed from sunset until 7:00AM each day. Section 16-10-14 (a) of the Georgia Code states, "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Lithonia police officers are charged with locking and unlocking the gate at Lithonia Park each day. (Blackmon Depo. 20:5-7).

Here, Officer Blackmon observed Plaintiff's car parked in the same exact spot in the park late November 18, 2005, and early the next morning. It is undisputed that Plaintiff was using a rag and water upon himself in the front seat of the car and that Plaintiff's car contained extra clothing. Although Plaintiff denies sleeping in his car in Lithonia Park on the night of November 18, it is undisputed that Plaintiff has slept in his car on numerous occasions in the past and that Plaintiff keeps materials in his car so that he may do so. Based on the totality of the circumstances, a prudent person could have believed that Plaintiff had spent the night in his car in Lithonia Park in violation of section 19-26 of the DeKalb County Ordinances. Officer Blackmon asked Plaintiff to leave the park; Plaintiff refused to do so. Based upon the undisputed facts, Officer Blackmon had arguable, if not actual, probable cause to arrest Plaintiff for either violating the local ordinance or for hindering Officer Blackmon in the discharge of his obligation to ensure that Lithonia Park remained closed between dark and 7:00 AM.

5

An officer's probable cause to arrest does not justify his use of excessive force to detain a suspect. *U.S. v. Kapperman*, 764 F.2d 786, 790 n.4 (11th Cir. 1985). "The Fourth Amendment's prohibition of unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). If a reasonable officer would believe that the level of force used was unnecessary in the situation, the force is "excessive." *Willingham v. Loughnan*, 261 F.3d 1178, 1187 (11th Cir. 2001). Not all force is excessive. "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure [was] 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* Specifically, courts should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

In addition to these factors, the court must also consider the established principle "that the application of de minimis force, without more, will not support a claim for

AO 72A
(Rev.8/82)

excessive force in violation of the Fourth Amendment." *Nolin v. Isbell*, 207 F.3d 1253,1257 (11th Cir. 2000). In *Nolin* the court found that an officer who "merely grabbed Appellee and shoved him a few feet against a vehicle, pushed [his] knee into Appellee's back and Appellee's head against the van, searched Appellee's groin area in an uncomfortable manner, and placed Appellee in handcuffs" did not use excessive force. *Id.* at 1258 n.4. The court found it significant that Appellee had only minor bruising which quickly disappeared without treatment. The court found that the factual recitation by Appellee fell well within the ambit of the de minimis force principle, and "[i]n fact . . . sound[ed] little different from the minimal amount of force and injury involved in a typical arrest." *Id. See also Jones v. City of Dothan*, 121 F.3d 1456 (11th Cir.1997) (finding de minimis force to slam man against wall and kick his legs apart resulting in knee and arm pain because "while the use of force against [the man] may have been unnecessary, the actual force used and the injury inflicted were both minor in nature"); *Gold v. City of Miami*, 121 F.3d 1442 (11th Cir.1997) (finding de minimis force to apply handcuffs too tightly to man making disrespectful comments to officers when only minor abrasions resulted); *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir.1993), *modified,* 14 F.3d 583 (11th Cir.1994) (finding de minimis force to push non-resisting man suspected of building violation against wall and apply choke hold before handcuffs).

AO 72A
(Rev.8/82)

Here, Officer Blackmon allegedly dragged Plaintiff from his car and placed his face down on the hood before handcuffing him; Plaintiff suffered soreness. Plaintiff's injuries were minimal and Officer Blackmon's conduct typical. The court finds that there was no excessive force. The court DENIES Plaintiff's claims against Defendant Blackmon in his individual capacity.

Claims against Blackmon in his official capacity are, in essence, claims against Lithonia. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). The court cannot hold a municipality liable for a civil rights violation by one of its officers when it has determined that the officer inflicted no constitutional harm. *City of Los Angeles v. Heller*, 475 U.S. 795, 799 (1986). To succeed on a section 1983 claim against a municipality, a plaintiff must demonstrate that a constitutional deprivation occurred: (1) pursuant to an officially promulgated policy; (2) as the result of a decision made by an official with final policymaking authority for the municipality; or (3) as a result of actions taken pursuant to "custom" with the force of law, even though the custom has not received formal approval through official decision-making channels. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

Here, the court has found that Officer Blackmon committed no constitutional offense. Assuming *arguendo* that Officer Blackmon did commit such an offense, Plaintiff still cannot make out a claim against Lithonia. Plaintiff asserts no basis for municipal liability in his

8

complaint. In his response, Plaintiff contends that the City of Lithonia may be held liable for Blackmon's actions because Blackmon's decision to arrest Plaintiff was a result of a decision made by Rosser, an official with final policymaking authority for the municipality. Plaintiff maintains that the telephone conversation between Rosser and Blackmon at the park put Plaintiff's arrest in motion. Putting aside the issue of whether Rosser is a final policymaker, Plaintiff admits that he could not hear the words of Blackmon's phone call and Plaintiff offers absolutely no evidence of what was said between the two. Officer Blackmon's testimony does not indicate that Chief Rosser instructed him to arrest Plaintiff. The court DISMISSES Plaintiff's complaints against the City of Lithonia and Officer Blackmon in his official capacity. The court agrees with Defendants that the Lithonia Police Department is not an entity capable of being sued and DISMISSES Plaintiff's claims against it as well.

Lastly, Plaintiff alleges claims against Chief Rosser. Chief Rosser did not arrest Plaintiff or force him out of his car. A supervisor cannot be held liable under a theory of respondeat superior or vicarious liability for the alleged unconstitutional acts of their subordinates. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* A plaintiff can

AO 72A
(Rev.8/82)

establish a causal connection between a supervisor and his employee's alleged unconstitutional conduct "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," when a supervisor's "custom or policy results in deliberate indifference to constitutional rights," or when "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (internal quotations and citations omitted). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." *Id.*

Here, Plaintiff does not allege that Defendant Rosser personally violated his constitutional rights. The only interaction between Plaintiff and Rosser appears to be a non-confrontational conversation in the park. Plaintiff has presented no support for his allegations of longstanding harassment by the police department. Defendant Rosser testifies that he was only vaguely aware that Plaintiff believed he was being harassed and he was certainly not aware of any prior attempts to arrest Plaintiff if there were any. There is no evidence to substantiate Plaintiff's allegation that Rosser directed Officer Blackmon to arrest Plaintiff. Both Rosser and Blackmon deny that such a conversation occurred. Plaintiff's allegations do not rise to the level necessary for supervisor liability. The court DISMISSES all claims against Defendant Rosser.

AO 72A
(Rev.8/82)

## III. Conclusion

Defendants' Motion for Summary Judgment is GRANTED [33]. Plaintiff's claim is DISMISSED in its entirety.

**IT IS SO ORDERED** this 25th day of February 2009.

    s/ J. Owen Forrester    
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)